IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL PELINI<br>*Administrator of the Estate of Richard A.*<br>*Pelini on behalf of*<br>THE RICHARD A. PELINI TRUST,<br>RICHARD A. PELINI<br>*Individually/Deceased*<br><br>       Plaintiff,<br><br>       v.<br><br>DONALD S. AMSLER *et al*,<br><br>       Defendants. | Civil Action No. 23-1685<br>Chief District Judge Mark R. Hornak<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 22 |

**MEMORANDUM ORDER**

Presently pending before the Court is Plaintiff's Motion for Extension of Time to Effectuate Service and Motion for Leave to Serve Remaining Defendants by Alternative Means. ECF No. 22. For the following reasons, the Motion for Extension of Time to Effectuate Service is granted, and the Motion for Leave to Serve Remaining Defendants by Alternative Means is denied without prejudice.

**I.      RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Michael Pelini ("Plaintiff") brings this counseled fraud and conspiracy to commit fraud action against Defendants AG Wealth Systems, LLC, Donald S. Amsler, Rustin Brunson, D.S.A. Smart Fund, LLC, Jeremy Dillon, Heartland Life Settlement Fund 1, LLC, Heartland Life Settlements 1, Portfolio, Heartland Life Settlements, LLC, James Ikey, John Muratore, and Thomas Brad Pearsey. ECF No. 1.

Plaintiff filed his Complaint on September 29, 2023, but failed to serve the Complaint on any Defendant. The Court issued an Order to Show Cause why this case should not be dismissed

1

due to to Plaintiff's failure to timely serve the Complaint as required by Federal Rule of Civil Procedure 4(m), and submitted a Report and Recommendation recommending dismissal on that basis. ECF Nos. 3, 14. Plaintiff filed Objections to the Report and Recommendation explaining that he was unable to locate many of the Defendants for service. ECF No. 21. Plaintiff also filed a Motion for Extension of Time to Effectuate Service, and a Motion for Leave to Serve Remaining Defendants by Alternative Means. ECF No. 22.

Upon review of Plaintiff's objections, the District Court vacated the Report and Recommendation without prejudice to the entry of a subsequent order dismissing this action without prejudice should service not be accomplished within 60 days after the date the undersigned enters an Order ruling on the Motion for Extension of Time and setting forth the mode of service to be authorized and the time for its completion. ECF No. 23.

As of the date of filing the pending motion, service has been effectuated on Defendants Donald S. Amsler (ECF No. 15), D.S.A. Smart Fund, LLC (ECF No. 16), Rustin Brunson (ECF No. 17), James Ikey (ECF No. 18), and was effectuated on non-party Heartland Investments, LLC (ECF No. 20).

Plaintiff has not yet served Heartland Life Settlement Fund 1, LLC; Heartland Life Settlements, LLC; Heartland Life Settlements 1 Portfolio; AG Wealth Systems, LLC; Jeremy Dillon; Thomas Brad Pearsey; or John Muratore. ECF No. 22 at 14-15. Plaintiff states that "[d]espite diligent and repeated attempts to serve these Defendants at their addresses … it appears they have either changed their domiciles and/or are intentionally ducking process servers." Id. at 15. Thus, Plaintiff seeks leave for alternative service on the Heartland Life Defendants, Pearsey, and Muratore through personal service on counsel for Defendants Pearsey and Muratore. ECF No.

2

22 at 16-17. As to Defendants Dillon and Avante Garde, Plaintiff requests that service be permitted via email addresses. Id. at 17.

It is apparent that Plaintiff attempted service on Heartland Life Settlement Fund 1, LLC, but was unsuccessful. ECF No. 19 at 2 (A "clerk for Registered Agents Inc refu[s]ed the service packet after reviewing the agent's records and stating they were not the registered agent. She stated that they are the registered agent for a company with a similar name without the word Fund ...."). In addition, Plaintiff sought to serve the remaining Heartland Defendants through an attorney "intimately involved in the Heartland Oil & Gas Action and with the Heartland Defendants." ECF No. 21 at 12. These efforts were unsuccessful. Plaintiff also requested waivers of service for the remaining defendants through codefendant Donald Amsler, who served as Heartland's representative and agent for the alleged fraud coordinated and perpetrated on Plaintiff's elderly (now deceased) father. These efforts were also unsuccessful.

## II.     DISCUSSION

Federal Rule of Civil Procedure 4(e) permits service on an individual in accordance with the law of "the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Rule 4(h) permits service on a corporation, partnership, or association in the manner prescribed in Rule 4(e)(1) for individuals, or by delivering a copy of the summons and complaint to an officer or agent authorized to receive service. Fed. R. Civ. P. 4(h)(1). Thus, Plaintiff can satisfy the requirements of the Federal Rules of Civil Procedure by serving each Defendant in a manner consistent with Pennsylvania law or the law of the jurisdiction where service is made.[1]

---

[1] Plaintiff alleges the principal place of business or domicile of the unserved Defendants as follows: (1) Heartland Life Settlement Fund I – Texas; (2) Heartland Life Settlement, LLC – California; (3) Heartland Life Settlement I LLC – Wyoming; (4) AG Wealth – California; (5) Dillon – Arizona; (6) Pearsey – Indiana; (7) Muratore – California. ECF No. 1 at 8-10.

3

Plaintiff does not argue or show that his attempts at service are adequate under the law of any state where the unserved Defendants are domiciled. Turning to Pennsylvania law, a plaintiff may serve an individual or corporate defendant outside the Commonwealth, as provided in Pennsylvania Rule 403. See Pa. R. Civ. P. 404(a)(2).

Pennsylvania Rule of Civil Procedure 403 states that "[i]f a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403. However, "Pennsylvania Rule 403 requires ... a receipt signed by the defendant or his authorized agent." Lampe v. Xouth, Inc., 952 F.2d 952 697, 701 (3d Cir. 1991). Plaintiff has not provided proof that he attempted service in the manner authorized by Rule 403 on any unserved Defendant. In this case, such a showing would include return receipts indicating that mail was attempted on a Defendant or its agent and was returned as undeliverable.

Pennsylvania law provides for alternative service if service cannot be accomplished by the means specified in the Rules of Civil Procedure. In such instances, the plaintiff "may move the court for a special order directing the method of service." See Pa. R. Civ. P. 430(a); Calabro v. Leiner, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006) ("Alternative service is only appropriate when service 'cannot be made' under the applicable [Pennsylvania Rule]."). A motion for alternative service "shall be accompanied by an affidavit stating the nature and extent of the investigation [that] has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." Pa. R. Civ. P. 430(a).

In addition, "[a] plaintiff moving for alternative service must: (1) show that there was a good faith effort to locate the defendant; (2) undertake practical efforts to serve the defendant under the circumstances; and (3) show that the proposed alternative method of service is

4

reasonably calculated to provide the defendants with notice of the proceedings against them." Barkley v. Westmoreland Cnty. Children's Bureau, No. 2:11-CV-00983, 2012 WL 4482542, at *3 (W.D. Pa. Sept. 26, 2012) (citing Solis v. Karesko, C.A. No. 09–998, 2009 WL 1444407, at *4 (E.D. Pa. May 20, 2009) (in turn citing Calabro, 464 F. Supp. 2d at 470–72)).

Plaintiff does not present the required affidavit to support the relief requested. Plaintiff explains that co-defendants declined to coordinate service on his behalf, and he speculates that the unserved Defendants may have moved or are evading service. ECF No. 21 at 11-12, 15. But he has not detailed his independent attempts to locate these Defendants to effectuate service in accordance with Rule 403. Further, he has not presented the Court with evidence of returned receipts for mail or affidavits from a process server related to in-person attempts at service. Thus, a determination of good faith cannot yet be made.

For these reasons, the Court cannot grant the Motion for Alternative Service at this time. Plaintiff will be granted an additional 60 days within which to continue to attempt service in accordance with the Federal and Pennsylvania Rules of Civil Procedure and an additional seven days to refile the pending motion. Any Motion for Alternative Service must be filed with the required affidavit detailing Plaintiff's renewed efforts to comply with Federal and Pennsylvania Rules of Civil Procedure.

AND NOW, this 29th day of May 2024, upon consideration of the Plaintiff's Motion for Extension of Time to Effectuate Service, ECF No. 22, IT IS HEREBY ORDERED that the motion is GRANTED. Plaintiff shall effectuate service on the unserved Defendants on or before July 29, 2024.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Serve Remaining Defendants by Alternative Means, ECF No. 22, is denied without prejudice to be refiled on or

before August 7, 2024. Any such motion must be accompanied by the affidavit required by Pennsylvania Rule 430 and supporting documentation of Plaintiff's renewed attempts to locate and effectuate service on each unserved Defendant.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT,

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Mark R. Hornak
United States District Judge

All counsel of record via CM/ECF