IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL PELINI ) | |
| *Administrator of the Estate of Richard A.* ) | |
| *Pelini on behalf of* ) | Civil Action No. 23-1685 |
| THE RICHARD A. PELINI TRUST, ) | |
| RICHARD A. PELINI ) | Chief Judge Mark R. Hornak |
| *Individually/Deceased* ) | Magistrate Judge Maureen P. Kelly |
| ) | |
| Plaintiffs, ) | Re: ECF No. 51 |
| ) | |
| v. ) | |
| ) | |
| DONALD S. AMSLER *et al*, ) | |
| ) | |
| Defendants. ) | |

## OPINION

Presently before the Court is a Second Motion for Leave to File Documents Under Seal filed on behalf of Defendants Donald S. Amsler ("Amsler"); D.S.A. Smart Fund, LLC ("Smart Fund"); and John Muratore ("Muratore"). ECF No. 51. For the following reasons, the motion will be granted in part and denied in part.

I.   **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Michael Pelini ("Plaintiff") brings this action for fraud and conspiracy to commit fraud as the administrator of his father's estate against Defendants AG Wealth Systems, LLC; Donald S. Amsler; Rustin Brunson; D.S.A. Smart Fund, LLC; Jeremy Dillon; Heartland Life Settlement Fund 1, LLC; Heartland Life Settlements 1, Portfolio; Heartland Life Settlements, LLC; James Ikey; John Muratore; and Thomas Brad Pearsey.  ECF No. 1. At the heart of this litigation is an alleged "bait and switch" transaction that occurred when Defendants convinced Plaintiff's elderly father to transfer an intended investment in a fraudulent Heartland oil and gas

1

venture to an investment in an alleged equally fraudulent Heartland Life Settlement product. Id. at ¶¶ 10-13.

Defendants Amsler and Smart Fund were served with a summons and a copy of the Complaint on April 3, 2024, and their Answers or responses to the Complaint were due on April 24, 2024. ECF Nos. 15 and 16. Muratore was served on June 4, 2024, and his Answer or response to the Complaint was due on June 25, 2024. ECF No. 29. Counsel for these parties entered appearances on December 23, 2024, and filed a Motion for Leave to File Documents Under Seal on January 5, 2025. ECF Nos. 40, 41, 46. The documents sought to be sealed are in support of an anticipated, albeit late, Motion to Dismiss. See Federal Rule of Civil Procedure 12(b).

The Court denied the motion to file under seal without prejudice. The Court concluded that the information to be sealed was not sufficiently described. In addition, the referenced documents were not provided to permit the Court to determine whether the presumption supporting public access to judicial documents is sufficiently rebutted. ECF No. 47 (citing In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig., 924 F.3d 662, 672 (3d Cir. 2019)). ECF No. 47.

The moving Defendants filed an Amended Motion for Leave to File Documents Under Seal, ECF No. 48, and provided the Court with a copy of an investor Heartland Life Settlement Subscription Agreement ("Subscription Agreement") and Private Placement Memorandum ("PPM") for *in camera* review, as well as a copy of the proposed unredacted Memorandum of Law in support of the anticipated Motion to Dismiss. The Complaint references the Subscription Agreement and generally describes the underlying transaction set forth in the PPM. ECF No. 1 ¶¶ 39, 40. The moving Defendants then filed a Second Motion for Leave to File Documents Under Seal to add sections of the Subscription Agreement to be considered under seal in conjunction with

2

their anticipated Motion to Dismiss. The amended Motion to Dismiss has been provided to the Court for review.

The moving Defendants argue that the requested relief is properly granted because the PPM and Subscription Agreement:

> …. contain confidential information about a company and related entities seeking to raise capital through a private offering, meaning such information is not publicly available and is only shared with potential investors considered qualified to receive it. The PPM details the involved entities financial situation, business strategy, risks, and other sensitive information that could be detrimental if widely shared. These documents are kept confidential to protect sensitive business deals and ensure compliance with securities regulations.

ECF No. 51 ¶ 4. Thus, the moving Defendants seek to redact excerpts from the PPM and Subscriber Agreement in their proposed brief to be filed on the docket and to seal both documents upon which they rely. Id. ¶ 7.

As reflected in the proposed brief, the excerpts include a barebones description of the Life Settlement investment; several boilerplate investor/subscriber warranties and disclaimers related to investor sophistication, knowledge and available information; broad, non-specific investment risk clauses that do not describe the underlying transaction; and various disclaimers related to the seller's role as an investment advisor. See Appendix A to this Memorandum Order.[1] Exhibit B to the pending motion is a copy of a boilerplate Subscriber Agreement with signature pages, a beneficiary designation, and a taxpayer identification number form. The documents contain Mr. Pelini's social security number and a chart setting forth a "Current Hypothetical Senior Life Settlement Portfolio."  The PPM contains both boilerplate Life Settlement investment terms and information related to the purported value of the investment and the names of third-party

---

[1] Appendix A contains the proposed redacted excerpts from the PPM and Subscriber Agreement the moving Defendants seek to incorporate into their brief in support of the Motion to Dismiss and upon which they rely as a basis for dismissal of Plaintiff's Complaint. This document will be sealed from public view for fourteen days to permit a motion to stay or appeal from this Memorandum Order.

contractors facilitating the undertaking. The moving Defendants make no effort to identify those terms that are allegedly proprietary or confidential, but state the entire investment proposal, as a PPM, is both proprietary and confidential.

The moving Defendants assert that no party will be prejudiced if the requested relief is granted. ECF No. 51 ¶ 11. Counsel for Plaintiff has filed a Declaration Opposing Motion for Leave to Seal disputing the factual allegations set forth in the Motion for Leave. ECF No. 56. Plaintiff's counsel also argues that Defendants have not presented a basis to overcome the presumption favoring the common law right of access to judicial documents.

## II. LEGAL STANDARD

The common law presumes that the public has a right of access to judicial records. In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662, 672 (3d Cir. 2019). Preserving the common law right of access "promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court." In re Forbes Media LLC, No. 21-MC-52, 2022 WL 17369017, at *2 (W.D. Pa. Dec. 2, 2022) (quoting Avandia, at 924 F.3d 672; in turn quoting Littlejohn v. BIC Corp., 851 F.2d 673, 678 (3d Cir. 1988)). "In the Third Circuit, the right is particularly robust." In re Application of Storag Etzel GmbH for an Ord., Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding, No. 19-cv-209, 2020 WL 2949742, at *7 (D. Del. Mar. 25, 2020), *report and recommendation adopted in part*, 2020 WL 2915781 (D. Del. June 3, 2020).

"A 'judicial record' is a document that 'has been filed with the court ... or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.'" Avandia, 924 F.3d at 672. The presumptive right of access extends to pretrial motions and material filed in

connection with pretrial motions.…" Viancourt v. Paragon Wholesale Foods Corp., No. 2:20-CV-00628, 2022 WL 22889885, at *1 (W.D. Pa. June 27, 2022).

While "the common law right of access is 'not absolute[,]'" Avandia, 924 F.3d at 672, a party seeking to overcome the strong presumption of access that attaches to judicial records "bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" Viancourt, at *1 (quoting Mine Safety Appliances Co. v. North River Ins. Co., 73 F. Supp. 3d 544, 560 (W.D. Pa. 2014) (citations and internal quotation marks omitted)). "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" In re Gabapentin Pat. Litig., 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (quoting Zenith Radio Corp. v. Matsushita Elec. Indust. Corp., 529 F. Supp. 866, 890 (E.D. Pa. 1984)). However, the injury must be defined with specificity. Avandia, at 673 (citing In re Cendant Corp., 260 F.3d at 194). "'Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient.'" Id.

When resolving a motion to seal, the district court must first determine whether the right of access attaches to the documents in question. Then, if the presumption of access applies, "the court must determine whether the party seeking to overcome the presumption has shown that the 'interest in secrecy outweighs the presumption' of access." Forbes Media, 2022 WL 17369017, at *2 (quoting Avandia, at 672). This analysis is conducted with "a 'document-by-document review' of the contents of the challenged documents, 'careful[ly] factfinding and balancing [ ] competing interests' before determining whether 'the strong presumption of openness can be overcome by the secrecy interests of private litigants.'" Id. (quoting Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 167 (3d Cir. 1993)).

5

**III.    DISCUSSION**

The moving Defendants seek to seal documents that they intend to file with the Court as exhibits to a Motion to Dismiss Plaintiff's Complaint, and to redact excerpts from those documents that they intend to quote and rely on in support of the motion. ECF No. 51 ¶¶ 5, 6. Thus, the documents have "adjudicatory significance" and are considered judicial records to which the common law presumption of access attaches. Forbes Media, at *3 (citing Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 662 (3d Cir. 1991) (public right of access applies to material "offered by a party in the litigation in support of a motion it hoped would be dispositive")).

Because the common law presumption of access attaches, the burden shifts to the moving Defendants to show that the "interest in secrecy outweighs the presumption." Avandia, 924 F.3d at 672. This requires the moving Defendants to show that "the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury." Forbes Media, at *6 (quoting In re Cendant Corp., 260 F.3d at 194). Again, a claim of injury must be supported by more than "[g]eneralized allegations of harm, 'bereft of specific examples or articulated reasoning.'" Id.

Here, the moving Defendants do not meet this standard as to the excerpts of the Subscriber Agreement or the PPM that they intend to rely on in support of dismissal of this case. The excerpts, set forth in Appendix A, include boilerplate and nonspecific issuer or accredited investor certification terms, warranties, or disclaimers, or risk disclosures typically set forth in private placement offerings that purport to qualify under Commodity and Securities Exchange Regulation D, Rules 501, 506(C), 17 C.F.R. §§ 203.501, 230.506, or that otherwise seek to disclaim liability for failing to provide investors accurate information. See, e.g., H-M Wexford LLC v. Encorp, Inc., 832 A.2d 129, 144-146 (Del. Ch. 2003). As to these provisions, the moving Defendants provide

6

no basis for the Court to find proprietary or confidential information that should be protected from disclosure.

The moving Defendants also fail to support their contention that the investment described in the PPM and Subscriber Agreement differs in any material respect from a typical life settlement investment such that disclosure of these documents would harm their competitive standing. See e.g., Sec. & Exch. Comm'n v. Barry, 670 F. Supp. 3d 976, 981 (C.D. Cal. 2023) (providing an example of the terms of a life settlement investment). In this respect, the moving Defendants do not point to any specific information or financial information that could present a non-speculative risk to their commercial interests.  "[D]isclosures that merely carry a potential to affect adversely sales and/or a potential loss in capital stock value fall short of warranting secrecy." Mine Safety, 73 F. Supp. 3d at 561 (citing Littlejohn, 851 F.2d at 685).

Finally, the moving Defendants seek to seal the PPM and Subscriber Agreement in their entirety, without any showing that wholesale sealing is necessary. Both documents are at the heart of Plaintiff's claim that "Amsler … lauded the alternative life settlement opportunity as a much better, more secure, and higher return on their investment,…" and "led the Pelini's (*sic*) into the equally bogus investment into the Heartland Life Settlement product knowing that the same nefarious characters [behind a fraudulent oil and gas investment] were behind the Life Settlement scheme as well and that the life insurance policies he represented were underlying the investment were, in fact, non-existent." ECF No. 1 ¶¶ 37, 39. The documents and the disclosures, disclaimers, and warranties set forth therein will necessarily be the subject of any judicial opinion resolving the anticipated Motion to Dismiss and, in the event this case proceeds to trial, testimony in open court. This information, therefore, is not the kind that courts will protect.

7

That said, Mr. Pelini's Social Security number and financial account numbers that appear on any exhibits are subject to redaction without limitation. <u>See</u> Local Civil Rule 5.2.D (requiring the redaction of this information before filing). This information <u>must</u> be redacted from any document filed by the parties in this matter. As to the remainder of the Subscription Agreement and PPM, the Court concludes that the moving Defendants have not met their heavy burden to show that the "interest in secrecy outweighs the presumption" of access. <u>Avandia</u>, 924 F.3d at 672.

IV. **CONCLUSION**

For the reasons set forth above, the moving Defendants' Motion for Leave to File Under Seal, ECF No. 51, is granted as to Plaintiff's Social Security number and financial account number information but is denied in all other respects. As noted *infra*, Appendix A will be filed under seal for fourteen days to provide the moving Defendants with adequate time to file an appeal to the District Judge. An appropriate Order will issue.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

Dated: January 29, 2025                                  BY THE COURT,

                                                         */s/ Maureen P. Kelly*
                                                         MAUREEN P. KELLY
                                                         UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Mark R. Hornak
      United States District Judge

      All counsel of record via CM/ECF